## Simon v. Allegheny County

*David Ainsman* and *W. Terrence O'Brien,* for plaintiffs.

*John S. Sherry,* for Allegheny County.

*Frank J. Micale,* for Commonwealth.

*Raymond H. Conaway,* for Ross Township.

*Peter B. Skeel,* for individual defendant.

*Brian H. Baxter and John E. Hall,* for additional defendants.

WETTICK, *J.,* September 16, 1982—Both of these personal injury actions arise out of single vehicle accidents resulting from the drivers losing control of their vehicles when crossing patches of ice on public highways apparently maintained by the Commonwealth of Pennsylvania. In an effort to establish that the Commonwealth knew of the icy conditions, the Commonwealth has been served with interrogatories and motions to produce which request the Commonwealth to describe other accidents that occurred in the same area within a five-year period preceding the accident that is the subject of the litigation, to identify any litigation arising out of these other accidents, to provide accident reports concerning these other accidents prepared

by a police department or driver of a vehicle involved in the accident, and to produce studies prepared by the Commonwealth concerning these other accidents. The Commonwealth contends that such information is protected from discovery by sections 3747, 3751, 3753, and 3754 of the Motor Vehicle Code (75 Pa.C.S.A. 3747, 3751, 3753, and 3754). We will consider the applicability of each of these sections to the discovery requests that are before this court.

Section 3747 requires the driver of a vehicle that is in an accident involving injury, death or serious damage, which a police officer does not investigate, to file an accident report with the Department of Transportation. Subsections (e) and (f) contain the following limitations on the use of reports as evidence:

"(e) Confidentiality of reports.—All written reports required in this section to be forwarded to the department by drivers or owners of vehicles involved in accidents shall be without prejudice to the individual so reporting and shall be for the confidential use of the department or any other governmental agency or their representatives having use for the records for accident prevention purposes, except that the department shall disclose the identity of a person involved in an accident when the identity is not otherwise known or when the person denies his presence at the accident and shall disclose whether any person or vehicle was covered by a vehicle insurance policy and the name of the insurer.

(f) Use of reports as evidence.—No accident reports forwarded under the provisions of this section shall be used as evidence in any trial, civil or criminal, arising out of an accident except that the de-

partment shall furnish upon demand of any party to the trial, or upon demand of any court, a certificate showing that a specified accident report has or has not been made to the department in compliance with the law and, if the report has been made, the date, time and location of the accident, the names and addresses of the drivers and the owners of the vehicles involved. The reports may be used as evidence when necessary to prosecute charges filed in connection with a violation of section 3748 (relating to false reports)."

Subsection (f) specifically provides that the names and addresses of the drivers and owners and the date, time and location of the accident may be obtained at the request of any court; only the description of the accident is protected. The only apparent purpose of the protection is to encourage a driver to provide an accurate description of the accident to PennDOT by preventing this description from being used against the driver in any "trial, civil or criminal, *arising out of. . .* [the] *accident."* (Emphasis added.) Nothing within the language of subsections (e) or (f) in any way suggests that PennDOT is an intended beneficiary of protections against disclosure.

In the present proceedings, the parties seeking the police reports do not wish to use them as evidence in any trial arising out of the accident which the reports describe. Also, any use of these reports will not operate to the detriment of the persons who prepared the reports. Consequently, their production is not precluded by either the language or the spirit of subsections (e) and (f).

Section 3751 governs accident reports prepared by a police department. Subsection (b) requires the police department upon request to furnish copies of

its report to any person involved in the accident and that person's attorney or insurer and to governmental bodies. It also provides that "[T]he copy of the report shall not be admissable as evidence in any action for damages or criminal proceedings *arising out of a motor vehicle accident.*" (Emphasis added.)

This provision does not protect from discovery accident reports in PennDOT's possession. Even if these reports are inadmissable, their contents may lead to the discovery of admissable evidence. Consequently, they are subject to discovery under Pa.R.C.P. 4003.1 unless the contents of the reports are confidential. It would appear that the restrictions on the admissibility of the reports as evidence are for reasons related to the reliability of their contents. The requirement that copies of the reports be furnished, upon request, to various parties is inconsistent with a claim that the contents are confidential.

Also, for the reasons given in our discussion of the disclosure restrictions of section 3747, any confidentiality protections are for the benefit of the persons giving statements or preparing the report and do not extend to litigation involving another accident.

Section 3753 requires PennDOT to utilize the accident reports to obtain accident data for analysis in selecting accident prevention programs and in evaluating the effectiveness of those programs implemented. There is no provision in this section that protects any data. To the contrary, this section provides for the data to be utilized to provide an annual report to the General Assembly, to prepare an annual statistical summary of motor vehicle accidents, including the location of the accident, and to identify hazardous road locations.

Section 3754 allows PennDOT to conduct in-depth accident investigations for the purpose of determining the causes of traffic accidents and factors which may help prevent similar types of accidents. Subsection (b) bars the use of the investigations as evidence:

"(b) Confidentiality of reports.—Information, records and reports associated with in-depth accident investigations shall not be admissible as evidence in any legal action or other proceeding, nor shall officers or employees or the agencies charged with the procurement or custody of in-depth accident investigation records and reports be required to give evidence pertaining to anything contained in such in-depth accident investigation records or reports in any legal action or other proceeding."

The obvious purpose of this provision is to permit PennDOT to obtain complete, critical, and unbiased evaluations for the purpose of correcting highway hazards by insuring that the evaluations will not be used against PennDOT in legal proceedings. We reject the contention of the parties seeking discovery that the reports are subject to discovery because this section only bars their use as evidence. Such a literal reading of subsection 3754(b) is inconsistent with the obvious purpose of this subsection of eliminating any incentive for PennDOT to conduct the investigation with an eye to litigation. Consequently, we will protect reports prepared by PennDOT in connection with any in-depth investigations.

However, we reject the contention of PennDOT that subsection 3754(b) protects any records which were reviewed as part of the investigation. The reference to "[I]nformation, records and reports *associated* with in-depth accident investigations," if

given its normal meaning, is limited to information, records and reports generated from the investigation. The broader reading which PennDOT seeks would immunize all PennDOT records from discovery because any in-depth investigation probably includes a review of all relevant PennDOT records. There is no apparent reason for the legislature to protect records that do not involve PennDOT's work product, and in the absence of clear language compelling such a result, we will not immunize information provided by third parties from discovery.

Before reaching our decision, we considered Mayfield v. Commonwealth of Pennsylvania (No. 1790 of 1981, G.D. of Fayette County, June 15, 1982), which is, according to the parties to this litigation, the only opinion dealing with the issues before this court. This opinion concluded that the language and intent of the provisions of the Motor Vehicle Code relied on by PennDOT protect from discovery all PennDOT records concerning other motor vehicle accidents. For the reasons set forth in this opinion, we construe the Motor Vehicle Code in a different fashion.

In accordance with this opinion, we enter the following order of court

## ORDER

On this September 16, 1982, it is hereby ordered that:

(1) the objections of the Commonwealth of Pennsylvania to the discovery requests for any records or other information prepared by the Commonwealth in connection with any in-depth accident investigations are sustained;

(2) the objections of the Commonwealth to other

discovery requests based on provisions of the Motor Vehicle Code are overruled; and

(3) within 30 days the Commonwealth shall respond to interrogatories and requests for production to which its objections were overruled.